Gena L. Sluga, 147998
gsluga@cdslawfirm.com
CHRISTIAN DICHTER & SLUGA, P.C.
2700 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone: (602) 792-1700
Facsimile: (602) 792-1710

Attorneys for Plaintiff Wilshire Insurance Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Wilshire Insurance Company,<br><br>        Plaintiff,<br><br>    vs.<br><br>The Estate of Lawrence A. Waconda; Waconda Livestock Carriers, LLC | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Wilshire Insurance Company ("Wilshire") hereby alleges the following for its Complaint against The Estate of Lawrence A. Waconda and Waconda Livestock Carriers, LLC (collectively, "Defendants").

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Wilshire is a North Carolina insurer with its principal place of business in Raleigh, North Carolina. Wilshire is authorized to conduct business in the State of Arizona.

2. Upon information and belief, Lawrence A. Waconda was a resident of Valencia County, New Mexico, prior to the accident giving rise to this insurance dispute.

3. Upon information and belief, Waconda Livestock Carriers, LLC is a limited liability company formed and based in Valencia County, New Mexico.

4. A justiciable controversy exists between Plaintiff Wilshire and Defendants with respect to whether the Defendant Estate of Lawrence A. Waconda is entitled to Uninsured Motorist Coverage under a Wilshire policy issued to Waconda Livestock Carriers, LLC.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), based on the parties' diversity of citizenship. Plaintiff Wilshire is a corporation organized under the laws of the State of North Carolina. Defendant are residents of the State of New Mexico for the purposes of this analysis.

6. Defendants have demanded payment of $7,000,000 from Plaintiff Wilshire. Plaintiff Wilshire was unable to find coverage for the claim, which has been denied. Thus, the seven million dollar controversy between these parties exceeds this Court's jurisdictional minimum of $75,000.

7. This Court has personal jurisdiction over Defendants because they are domiciled in the State of New Mexico.

8. Venue is proper in the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff Wilshire's request for declaratory judgment took place in the State of New Mexico. Specifically, the underlying automobile accident giving rise to Defendants' claim for insurance coverage occurred in the State of New Mexico. Alternatively, if venue is not proper under 28 U.S.C. § 1391(b)(2), then venue is proper under 28 U.S.C. § 1391(b)(3) because there is no other district in the State of New Mexico in which an action may otherwise be brought and at least one of the Defendants is subject to this Court's personal jurisdiction with respect to this action.

/ / /

/ / /

**GENERAL ALLEGATIONS**

**A.     The Underlying Automobile Accident.**

9.     On June 23, 2017, Lawrence Waconda passed away as a result of injuries sustained in an automobile accident that occurred in New Mexico.

10.    Upon information and belief, the accident was caused by Daniel Peralta, who was intoxicated and speeding at the time of the accident.

11.    Upon information and belief, Mr. Waconda was driving a 2009 Ford Escape, bearing vehicle identification number FMCU03G59KA44342 (Mr. Waconda's "Personal Vehicle"), at the time of the accident.

12.    On July 11, 2017, Wilshire received notice of the accident.

13.    On July 28, 2017, counsel for Mr. Waconda's Estate sent a demand letter to Wilshire, requesting the limits of Waconda Livestock, LLC's policy with Wilshire.

14.    On August 14, 2017, Mr. Waconda's estate demanded $7 million from Wilshire.

15.    In the August 14, 2017 letter, Mr. Waconda's estate argued that it was entitled to $7 million despite the policy's $60,000 UM/UIM coverage limits, because Wilshire allegedly had failed to provide Mr. Waconda with a list of possible UM/UIM premiums and therefore the estate was entitled to the policy's $1 million in liability limits for each of the vehicles listed in the Waconda Livestock, LLC policy.

16.    Upon information and belief, Mr. Waconda was the owner and managing member of Waconda Livestock Carriers, LLC between 2009 and the time of the accident.

17.    Waconda Livestock Carriers, LLC is an active, perpetual limited liability company, organized and existing under the laws of the State of New Mexico since January 19, 2000.

**B.     The Policy.**

18.     Defendants have demanded payment of $7,000,000 in UIM benefits under Wilshire business automobile insurance policy No. BA2504555 (the "Policy") which was in effect from September 1, 2010 until canceled. The named insured under the Policy is Defendant Waconda Livestock Carriers, LLC. The Policy provided commercial auto liability coverage with limits of $1,000,000.00 per accident.

19.     The Policy was negotiated in New Mexico, offered in New Mexico, accepted in New Mexico, issued in New Mexico, and issued to Defendant Waconda Livestock Carriers, LLC — a limited liability company organized under the laws of New Mexico.

20.     The Policy provided uninsured and underinsured motorist coverage under endorsement CA 31 29 10 13 titled "New Mexico Uninsured Motorists Coverage – Nonstacked" (the "UM/UIM Endorsement").

21.     The UM/UIM Endorsement provided $60,000 in coverage for claims in which an "insured" is injured in an accident involving an uninsured or underinsured motorist.

22.     When the named insured is a limited liability company, as is the case with respect to Waconda Livestock Carriers, LLC, the UM/UIM Endorsement defines "insured" as follows:

   a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

   c. The Named Insured for "property damage" only.

23.     The Policy defines the vehicles that are "covered 'autos'" as that term is used in the paragraph above. The policy states:

> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

24. The Policy's Declarations include symbol "67" next to the Uninsured and the Underinsured Motorist coverages. Symbol 67 designates coverage for "Specifically Described Autos," which is defined as:

> Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three).

25. The Policy's schedule of vehicles contains the list of six covered units (four vehicles and two trailers) for Waconda Livestock Carriers, LLC. Only four of the vehicles on the schedule of vehicles, however, were covered for Uninsured/Underinsured Motorist Coverage under the Policy.

26. Mr. Waconda's Personal Vehicle, which he was driving at the time of the accident, is not referenced in the schedule of vehicles or anywhere else in the Policy.

**C.    The November 2, 2010 Named Insured Change.**

27. When Mr. Waconda applied for insurance with Wilshire Insurance Company, he represented on his application that his business was "Lawrence A. Waconda dba Waconda Livestock Carriers."

28. Upon information and belief, this representation was erroneous and/or accidental.

29. After procuring the policy, Lawrence A. Waconda changed the named insured on the Wilshire Insurance Company Policy from Lawrence A. Waconda [dba] Waconda Livestock

5

Carriers to Waconda Livestock Carriers, LLC; the policy change was effective from November 2, 2010.

30. Upon information and belief, Mr. Waconda signed a "Named Insured" endorsement on February 14, 2011 that stated that the named insured of the Policy would be changing to Waconda Livestock Carriers, LLC, effective 11/02/2010.

31. Mr. Waconda authorized his insurance agent to change the named insured on the Policy. Upon information and belief, Mr. Waconda made the name change to comply with state and federal regulatory requirements for his LLC, which was a commercial trucking company.

32. In September 2010, Wilshire received a notice from the New Mexico Public Regulation Commission (Transportation Division) that the insurance filing for "Lawrence A. Waconda" was "pending/or being returned" because the insured's name "does not coincide with our records."

33. After Mr. Waconda changed the named insured on the Policy, Wilshire was able to resubmit the LLC's notice of insurance to New Mexico Public Regulation Commission, which acknowledged receipt and provided Wilshire with a certification.

34. Wilshire was unable to make any Federal Department of Transportation filings in the name of Lawrence A. Waconda dba Waconda Livestock Carriers, because that name and/or company had not been registered with the State of New Mexico.

35. Mr. Waconda was immediately informed of these regulatory issues. Mr. Waconda, through his insurance agent, promptly took affirmative steps to change the named insured under the Policy so that Wilshire could resubmit Waconda Livestock Carriers, LLC's insurance filing to the New Mexico Public Regulation Commission.

36. Had Mr. Waconda not made this change, Waconda Livestock Carriers, LLC would have been out of compliance with state and federal law.

37. On the first of each month for over six years, Waconda Livestock Carriers, LLC, was sent a monthly term bill by U.S. Mail with its Schedule of Covered Vehicles and Premiums as well as a Monthly Schedule of Coverages, Limits of Insurance and Premiums.

38. The Schedule of Vehicles, Premiums and Schedule of Coverages in force at the time of the loss correctly identify the Named Insured as Waconda Livestock Carriers, LLC.

39. Mr. Waconda's insurance agent, Sequoia Ramirez of Young Insurance Agency, informed Mr. Waconda that his LLC would not be in compliance with New Mexico law if he did not change the named insured on the Policy to Waconda Livestock Carriers, LLC.

40. Ms. Ramirez has informed Wilshire that Mr. Waconda agreed to change the named insured on the Policy.

41. This is consistent with other information in the Wilshire file, which suggests that the insurance company that preceded Wilshire on this risk prior to 2010, Great Western Casualty, also had issued its policy to Waconda Livestock Carriers, LLC.

42. Wilshire has received no information suggesting that Mr. Waconda did not intend to change the named insured on the Policy.

43. Moreover, Mr. Waconda's conduct since the 2010 policy change constituted a ratification of that change.

44. This ratifying conduct includes signing the Named Insured Change endorsement and paying premiums on a Policy for over six years that identified the LLC as the named insured under the Policy without ever questioning the fact that the change was made.

45. Mr. Waconda had full knowledge of the named insured change made by him and/or his agent both during and after the process of making that change.

46. Mr. Waconda never repudiated or questioned the change.

47. Mr. Waconda was not a named insured or otherwise entitled to insurance coverage under the Policy at the time of the accident.

**D.     The Policy does not provide for "stacking" of UM/UIM coverages.**

48. The Policy's UM/UIM Endorsement provides as follows:

> **D.     Limit Of Insurance**
>
> **1.     Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the limit of Uninsured Motorists Coverage shown in the Schedule or Declarations.**
> **2.     No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage and any Liability Coverage form or Medical Payments Coverage endorsement attached to this Coverage Part. We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.**
> **3.     With respect to damages resulting from an "accident" involving an underinsured motor vehicle, as described in Paragraph b. of the "uninsured motor vehicle" definition, the Limit of Insurance shall be reduced by all sums paid by or for anyone who is legally responsible, including all sums paid under this Coverage Form's Covered Autos Liability Coverage.**

49. The accident giving rise to the Estate of Lawrence Waconda's claim was a single accident.

50. The Policy provides that the most UM/UIM coverage potentially available for a single accident is $60,000.

51. Under all of the above-quoted language, the Estate of Lawrence Waconda is not entitled to the $7,000,000 in benefits that have demanded under the Wilshire policy.

52. An actual controversy exists between Plaintiff Wilshire and Defendants concerning the extent of Plaintiff Wilshire's duty to extend UM/UIM benefits to Defendant Estate of Lawrence Waconda.

53. Mr. Waconda was not a named insured under the Policy.

54. Mr. Waconda was not driving a covered auto at the time of the accident.

55. Mr. Waconda's Estate would only be entitled to UM/UIM coverage under the Policy if Mr. Waconda was a named insured under the Policy or Mr. Waconda was driving a covered auto.

56. Plaintiff Wilshire seeks a judicial declaration that it has no obligation under the Policy or under applicable law to extend any UM/UIM benefits to the Estate of Lawrence Waconda.

57. In the alternative, Plaintiff Wilshire seeks a judicial declaration that it has no obligation under the Policy or under applicable law to "stack" the UM/UIM benefits of the policy or to pay the $7,000,0000 demanded by the Estate of Lawrence Waconda.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Wilshire prays for judgment against the Defendants as follows:

1. For a judicial determination declaring that the UM/UIM claim presented by the Estate Lawrence Waconda is not covered under the terms of the Policy issued by Plaintiff Wilshire;

2. For all costs of suit incurred herein, including Plaintiff Wilshire's attorneys' fees incurred in bringing this matter before the Court; and

3. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 5th day of September, 2017.

                          CHRISTIAN DICHTER & SLUGA, P.C.

                          By: /s/ Gena L. Sluga
                                Gena L. Sluga
                                Attorney for Plaintiff Wilshire Insurance Company

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 5, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing.

/s/ Yvonne Canez